UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
DENIS OMAR RODRIGUEZ, on behalf of himself, individually, and all other persons similarly situated,

Plaintiff,

-against-

HURRICANE TREE EXPERTS, INC., and ROBERT MARIANETTI,

Defendants.
---------------------------------------------------------------------X

**COMPLAINT**

*Collective and Class Action*

*Jury Trial Demanded*

Plaintiffs Denis Omar Rodriguez, on behalf of himself, individually, and all other persons similarly situated, by and through their counsel, the Romero Law Group PLLC, complaining of the Defendants Hurricane Tree Experts, Inc. and Robert Marianetti (collectively as "Defendants"), allege as follows:

## NATURE OF THE CLAIM

1. Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"), unpaid wages stemming from Defendants' failure to pay Plaintiffs' wages for all hours worked at their agreed upon rates of pay under the NYLL, unpaid minimum wages under the NYLL, damages for unlawful deductions from his earned wages in violation of NYLL § 193, failure to provide accurate wage statements for each pay period under NYLL § 195(3), failure to furnish a wage notice upon his hire under NYLL § 195(1), unjust enrichment, quantum meruit and conversion under New York common law, for retaliation under the FLSA, 29 U.S.C. § 215(a)(3), for retaliation under the NYLL, NYLL § 215(1) and NYLL § 740, and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL and New York common law on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiffs, as that term is defined below, who opts-in to this action.

3. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable six-year limitations period for those who suffered damages as a result of the Defendants' violations of the NYLL, the supporting New York State Department of Labor regulations and violations of New York common law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York, and pursuant to pursuant to 28 U.S.C. § 1391(b)(1) as all of the Defendants are residents of New York.

## THE PARTIES

6. At all times relevant, Plaintiff Denis Omar Rodriguez ("Plaintiff") was and is a resident of the County of Suffolk, State of New York.

7. At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), NYLL § 190(2) and NYLL § 740(1)(a).

8. At all times relevant, Defendant Hurricane Tree Experts, Inc. (hereinafter "Hurricane Tree Experts" or "Company") is and was a domestic business corporation with a principal place of business located at 85-D Comsewogue Road, East Setauket, New York 11733 and an additional business location at 70-3 Comsewogue Road, East Setauket, New York 11733.

9. At all relevant times, the Hurricane Tree Experts was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to vehicles, fuel for vehicles, tires for vehicles, ladders, tree rigging ropes, arborist blocks & pulleys, lowering devices, rigging plates, rigging rings, snap hooks, hand saws, gas-powered, electric chainsaws and other equipment and materials, as well as paper, pens, pencils, telephones and other office supplies and equipment.

10. At all times relevant, Defendant Hurricane Tree Experts was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), NYLL § 190(3) and NYLL § 740(1)(b).

11. At all times relevant, Defendant, Robert Marianetti, is and/or was an officer, president, chief executive officer or owner of the Company, had authority to make and exercised his authority to make payroll and personnel decisions for the company, was active in the day to day management of the Company, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, scheduling and hours worked, having and exercising the power to hire, fire and discipline employees and approve all personnel decisions, including terminating Plaintiff's employment, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA, NYLL and NYLL § 740(1)(b).

## FACTS

12. Defendants operate a business that specializes in, *inter alia*, tree removal, trimming and pruning of trees, tree stump grinding, brush removal, land clearing, and the sale of firewood throughout Long Island, New York.

### Defendants' Unlawful Compensation Practices

13. Defendants employed Plaintiff as a laborer from in or about Summer 2008 until on or about September 7, 2024.

14. Throughout his employment, Plaintiff was primarily responsible for operating chainsaws and other machinery, splitting trees and logs into firewood, and organizing firewood and logs at Defendants' facilities.

15. Throughout his employment, during the period of March through November of each year, Plaintiff regularly worked six days per workweek. Throughout these months during his employment, Plaintiff worked on Monday through Saturday from approximately 6:30 a.m. until 5:00 p.m., or sometimes even later. Throughout these months during his employment, during two to three workdays during each week, and sometime even more frequently, Plaintiff worked from approximately 6:30 a.m. until between 5:30 p.m. and 8:00 p.m., or sometimes even later, on his workdays. Accordingly, throughout these months during his employment, Defendants required Plaintiff to work, and Plaintiff did regularly work, in excess of forty hours during each workweek, and typically worked in excess of 60 hours during his workweeks.

16. Throughout his employment, during the period of December through February of each year, Plaintiff's hours worked varied upon the needs of the business. However, during many workweeks throughout these months during his employment, Plaintiff worked five to six days per workweek from approximately 7:30 a.m. until 4:00 p.m., or sometimes even later. Accordingly,

during many workweeks throughout these months during his employment, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours during many of his workweeks.

17. Throughout his employment, Defendants paid Plaintiff at various straight-time, regular hourly rates of pay.

18. Throughout his employment, Defendants paid Plaintiff at his straight-time, regular hourly rates of pay for his first forty hours of work and did not pay him at any rate of pay for any hours worked in excess of forty hours during his workweeks, in violation of the FLSA, NYLL and New York common law.

19. Throughout his employment, despite regularly working in excess of forty hours during many workweeks, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rates of pay or the applicable minimum wage, whichever is greater, for his hours worked in excess of forty hours, in violation of the FLSA and NYLL.

20. Throughout his employment, during the period of December through February of each year, Defendants frequently paid Plaintiff at his straight-time, regular hourly rates of pay for only approximately half of his hours worked during many of his workweeks. Despite promises that Defendants would pay Plaintiff for these unpaid hours of work in a subsequent pay period, Defendants never paid Plaintiff for his remaining hours of work at any rate of pay, including for many hours worked during his first forty hours worked and for hours worked in excess of forty hours during his workweeks.

21. Moreover, on several occasions each year during the period of March through November, Defendants failed to pay Plaintiff for a portion of his hours worked during his first forty hours of work. Despite promises that Defendants would pay Plaintiff for these unpaid hours of work in a subsequent pay period, Defendants never paid Plaintiff for his remaining hours of

work at any rate of pay, including for many hours worked during his first forty hours worked and for hours worked in excess of forty hours during his workweeks.

22. Throughout the relevant period of his employment, on multiple occasions during each year, Defendants would issue checks to Plaintiff for a portion of his wages earned but these checks would occasionally be returned for insufficient funds. In these instances, Defendants would subsequently provide Plaintiff with only a portion or none of the funds owed from these invalid checks, resulting in Plaintiff not being paid at any rate of pay for some or all of the hours worked that were included in the checks that were returned for insufficient funds, including for many hours worked during his first forty hours worked and for hours worked in excess of forty hours during his workweeks.

23. As a result, throughout his employment, Defendants failed to pay Plaintiff at any rate of pay for many of his hours worked during each workweek, including for hours worked during his first forty hours of work and hours worked in excess or forty hours during his workweeks. As a result, throughout his employment, Defendants failed to pay Plaintiff for many hours of work each workweek at his statutorily mandated overtime rate of pay, at his agreed upon rate of pay under the NYLL, and failed to pay him in accordance with New York common law.

24. Moreover, due to Defendants' failure to pay any wages earned for many hours during numerous workweeks, when Plaintiff's weekly pay is converted to his true hourly regular rate of pay by dividing his hours worked by his total weekly earnings, Plaintiffs' regular rate of pay often results in an hourly rate of pay below the mandated applicable minimum wage in violation of the NYLL.

25. Throughout the relevant period of his employment, Defendants repeatedly required Plaintiff to pay for certain supplies and equipment, including for parts to repair equipment, that were necessary for the business to operate or for him to perform his duties.

26. Despite this, Defendants repeatedly failed to reimburse Plaintiff for these expenses and instead shifted these expenses to Plaintiff, resulting in unlawful deductions to Plaintiff's earned wages that were not required by law or regulation, and were not authorized by Plaintiff as the employee and were not for his benefit, in violation of NYLL § 193 and New York common law.

27. Throughout his employment, Defendants failed to record and maintain an accurate record of Plaintiff's hours worked or his wages paid.

28. Throughout their employment, Defendants paid Plaintiff his wages either by check, cash or a mixture of check and cash.

29. Throughout his employment, Defendants usually paid Plaintiff his wages earned solely in cash, at least for the hours worked that Plaintiff received any compensation.

30. Throughout his employment, on numerous occasions each year, Defendants paid Plaintiff a small portion of his wages earned by check and the remainder of his wages by cash, at least for the hours worked that Plaintiff received any compensation.

31. Throughout his employment, on those occasions where Plaintiff received any wages by check, Defendants provided Plaintiff with a non-compliant wage statement that, *inter alia*, did not accurately state his hourly regular or overtime rates of pay, reflected only a small portion of his hours worked, and did not accurately state his gross pay, net pay or deductions for each pay period.

32. Throughout his employment, during workweeks when Plaintiff received wages by check and cash, Defendants issued Plaintiff a second non-compliant wage statement printed on an envelope – which contained Plaintiff's wages paid by cash – that incorrectly represented Plaintiff's hours worked and rates of pay, and did not include his employers' names, addresses or other

contact information, or the amounts of any deductions, net pay or allowances for each such pay period.

33. Throughout his employment, when Plaintiff received wages solely in cash, Defendants issued Plaintiff non-compliant wage statements printed on an envelopes – which contained Plaintiff's wages paid by cash – that incorrectly represented Plaintiff's hours worked and rates of pay, and did not include his employers' names, addresses or other contact information, or the amounts of any deductions, net pay or allowances for each such pay period.

34. As a result of these pay practices, by providing two non-compliant wage statements when paying Plaintiff by both check and in cash, Defendants frequently provided Plaintiff with inaccurate and even conflicting, non-compliant wage statements between Plaintiff's paychecks and purported wage statement on his cash envelopes.

35. Throughout his employment, Defendants non-compliant wage statements were inherently inaccurate as they did not accurately include all hours that Plaintiff worked during each workweek.

36. As a result, throughout his employment, Defendants failed to furnish Plaintiff with accurate statements of his wages earned, including, *inter alia*, his correct regular and overtime rates of pay, his correct amount of regular and overtime hours worked, and his correct gross wages, net wages, and deductions, and often by failing to include the employers' names, addresses or other contact information, for each pay period as required by NYLL § 195(3).

37. Defendants failed to provide Plaintiff with a written notice upon his hire in his primary language – or at all – informing him of his rates of pay and other information required by NYLL § 195(1).

38. By failing to meticulously detail Plaintiff's hourly rates upon his hire, as well as failing to record and detail his actual hours worked for each workweek as required by NYLL §§

195(1) and (3), and by sometimes providing two misleading and inconsistent non-compliant wage statements, Defendants caused actual and concrete harm to Plaintiff, who was unable to determine whether he had been underpaid for his straight-time, regular hourly wages or his overtime compensation throughout his employment.

39. Because Plaintiff worked without the accurate information required by NYLL §§ 195(1) and (3), and was sometimes even provided with two misleading and inconsistent non-compliant wage statements, Plaintiff was unable to determine the precise amount of wages that he was entitled to receive, assess the manner in which his wages were calculated, and determine that he had been underpaid every workweek, which caused Plaintiff to suffer unpaid wages throughout his employment and causing him to suffer underpayments longer than he would have if a compliant wage notice and accurate wage statements had been provided.

40. With no way to know how much Plaintiff should have been making, Plaintiff worked throughout his employment without discovering how much he had been underpaid nearly every week, which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

41. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff, failing to pay Plaintiff in accordance with his actual hours worked, by failing to pay Plaintiff at any rate of pay for many of his hours worked, and by providing misleading and inconsistent non-compliant wage statements to Plaintiff to obscure their violations of the FLSA, NYLL and New York common law.

42. Despite Plaintiff's complaints regarding Defendants' pay practices, as discussed below, Defendants continued to willfully and intentionally violate the FLSA and NYLL by failing to remedy Defendants' FLSA and NYLL violations or correct their corporate-wide pay practices.

43. Defendants treated and paid Plaintiff, the FLSA Collective Action Members and Class Members in the same or similar manner pursuant to Defendants' corporate-wide payroll and employment practices.

44. Plaintiff, the FLSA Collective Action Members and Class Members suffered the same or similar harms as a result of Defendants' corporate-wide payroll and employment practices.

**Defendants Engaged in Unlawful Retaliation Against Plaintiff**

45. Defendants unlawfully retaliated against Plaintiff by terminating his employment after engaging in protected activity under the FLSA, NYLL and NYLL § 740.

46. Throughout his employment, Plaintiff repeatedly complained to Defendants regarding their unlawful compensation structure that violates the FLSA and NYLL.

47. Throughout his employment, on multiple occasions during each year, Plaintiff complained to Defendants regarding their failure to pay Plaintiff his wages for many of his hours worked during his workweeks and that Defendants failed to even pay Plaintiff for his hours worked that Defendants represented would be paid in a subsequent pay period – which Defendants had acknowledged they owed – in violation of the FLSA and NYLL.

48. Each of Plaintiff's complaints regarding Defendants' failure to lawfully pay his wages earned constitutes protected activity under the FLSA, NYLL and NYLL § 740.

49. Despite these repeated complaints, Defendants failed to remedy their pay practices or pay Plaintiff his wages owed, in violation of the FLSA and NYLL.

50. Most recently, in or about early September 2024, Plaintiff again complained to Defendants regarding their failure to pay Plaintiff his wages for many of his hours worked during his workweeks and that Defendants failed to even pay Plaintiff for his hours worked that Defendants represented would be paid in a subsequent pay period in violation of the FLSA and NYLL.

51. In this same conversation, in or about early September 2024, Plaintiff demanded that Defendants need to pay him all of his wages earned and that his wages must be paid on time when they are due, and asked Defendants to indicate when his unpaid wages would be paid to him.

52. These complaints asserted in or about early September 2024 regarding Defendants' failure to lawfully pay his wages earned again constitute protected activity under the FLSA, NYLL and NYLL § 740.

53. Later that same workweek, on or about September 7, 2024, Defendants summarily terminated his employment to punish Plaintiff for engaging in protected activity, in violation of the FLSA, NYLL and NYLL § 740.

54. Defendants' unlawful conduct – including terminating Plaintiff's employment – operates to dissuade reasonable workers from asserting their rights under the FLSA and NYLL.

55. Based on the foregoing, Defendants callously retaliated against Plaintiff for engaging in protected activity, in violation of the FLSA, NYLL and NYLL § 740.

## COLLECTIVE ACTION ALLEGATIONS

56. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime compensation for hours worked in excess of forty (40) hours each week.

57. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as their own interest in bringing this action.

58. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a non-exempt hourly-paid employee, including, but not limited to, any tree climbers, groundmen, truck drivers, machine operators, laborers, and/or in any other similarly-situated position at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

59. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Action Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

60. Plaintiff brings his Second through Eighth Claims for Relief on behalf of himself and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-exempt hourly-paid employee, including, but not limited to, any tree climbers, groundmen, truck drivers, machine operators, laborers, and/or in any other similarly-situated position, at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

61. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

62. The proposed Class is numerous such that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants in covered positions constituting a Class Member at any time during the six (6) years prior to the filing of this Complaint.

63. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

64. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members overtime compensation for hours worked in excess of forty hours in a single workweek;

(b) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members at their applicable minimum wage rates during each workweek;

(c) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members for all hours up to forty hours per week at their agreed upon rates of pay;

(d) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members in a manner that violated New York common law;

(e) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members in a manner that constitutes unjust enrichment in violation of New York common law;

(f) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members in a manner that constitutes a claim for quantum meruit compensation in violation of New York common law;

(g) Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and Class Members;

(h) Whether Defendants failed to furnish the Plaintiff and Class Members with a compliant notice of their wage rate upon their hire;

(i) Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage notices for each pay period;

(j) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay, minimum wage compensation, wages at their agreed upon rates of pay, and/or other required compensation was done willfully and/or with reckless disregard of the state wage and hour laws;

(k) Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(l) Whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the Class;

(m) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(n) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

65. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class

Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries, harms and damages arising from the same unlawful policies, practices, and procedures.

66. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

67. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

68. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants, especially in light of the relatively minimal damages owed to each individual putative Class Member.

69. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation of claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

70. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

71. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

72. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

73. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and persons similarly situated to Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates or pay, whichever is greater, in violation of the FLSA.

74. Defendants' violations of the FLSA have been willful and intentional.

75. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

76. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff with respect to Defendants' violations of the FLSA are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action.

**SECOND CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

77. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

78. Defendants employed Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty hours and failed to compensate the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates of pay, whichever is greater, in violation of the NYLL.

79. By Defendants' failure to pay Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, their correct overtime wages for hours worked in excess of forty hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

80. Defendants' violations of the NYLL have been willful and intentional.

81. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID MINIMUM WAGES)**

82. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

83. Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of the NYLL and the supporting New York State Department of Labor Regulations.

84. Defendants' violations of the NYLL have been willful and intentional.

85. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – FAILURE TO PAY WAGES DUE)**

86. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

87. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

88. Defendants failed to compensate Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action at their regular rates of pay for certain hours that they worked in accordance with their agreed terms of employment.

89. Defendants' violations of the NYLL have been willful and intentional.

90. Due to Defendants' violations of the NYLL, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover compensation

for all hours worked for Defendants but for which Defendants did not provide compensation at their agreed upon regular rates of pay.

91. Due to Defendants' violations of the NYLL, Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action are also entitled to liquidated damages, attorneys' fees, costs, and interest for Defendants' failure to pay wages in accordance with their agreed terms of employment.

**FIFTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT)**

92. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

93. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action performed work for the benefit of Defendants, at Defendants' behest, for which Defendants failed to pay them at regular rates of pay or any rates of pay for many hours worked for certain hours worked by them. Defendants also failed to reimburse Plaintiff for certain business expenditures paid for by Plaintiff for Defendants' benefit, with the expectation that that Defendants would reimburse him for those expenditures. However, Defendants retained those wages and compensation owed to the Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, and the moneys owed to reimburse Plaintiff for business expenditures, and they have not been paid those wages, compensation and money.

94. Due to Defendants' conduct in violation of New York common law, Defendants were enriched at the expense of Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

95. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

**SIXTH CLAIM FOR RELIEF**
**(QUANTUM MERUIT)**

96. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

97. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action performed work and other valuable services for the benefit of Defendants, at Defendants' behest, which were accepted by Defendants.

98. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action performed work and other valuable services for Defendants with the expectation that they would be compensated for their work.

99. Defendants failed to compensate Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action at their regular rates of pay or any rates of pay for many hours worked for certain hours worked by them for Defendants.

100. Due to Defendants' conduct in violation of New York common law, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to the recovery of the reasonable value of the services that they provided to Defendants, Defendants were enriched at the expense of Plaintiff, Class Members and any FLSA Collective Action Plaintiff who

opts-into this action, and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

101. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action have sustained and are entitled to recover damages, costs of this action, and interest as permitted by law.

102. Defendants violated New York common law against Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's, Class Members' and any FLSA Collective Action Plaintiff who opts-into this action's rights, and Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are therefore entitled to an award of punitive damages under New York law.

**SEVENTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(1))**

103. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

104. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire in their primary language – or at all – regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

105. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1),

Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**EIGHTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(3))**

106. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

107. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff, with accurate statements of their wages earned, including, *inter alia*, their correct regular and overtime rates of pay, their correct amount of regular and overtime hours worked, and their correct amount of gross wages, net wages, deductions and allowances, and often did not include their employers' names, addresses or other contact information, for each pay period as required by NYLL § 195(3).

108. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**NINTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 193)**
**(ON BEHALF OF PLAINTIFF ONLY)**

109. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

110. NYLL § 193 prohibits employers from taking any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit.

111. Based on the forgoing, Defendants engaged in unlawful deductions to Plaintiff Morales' wages, by separate transactions, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

112. Thus, Defendants made deductions to Plaintiff's wages, solely for the benefit of the Defendants, without Plaintiff's authorization, and not for the benefit of the Plaintiff, in violation of NYLL § 193 and the supporting New York State Department of Labor Regulations.

113. Defendants' violations of the NYLL have been willful and intentional.

114. Due to Defendants' violations of the NYLL, Plaintiff is entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**TENTH CLAIM FOR RELIEF**
**(CONVERSION)**
**(ON BEHALF OF PLAINTIFF ONLY)**

115. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

116. Based on the forgoing, Defendants engaged in unlawful conversion of Plaintiff's property, including, but not limited to, retaining, refusing to reimburse and/or failing to remit money due to Plaintiff for certain supplies and equipment, including for parts to repair equipment, that were necessary for the business to operate or for him to perform his duties, which Plaintiff purchased with the expectation and understanding that Defendants would remit money to reimburse him for these purchases on behalf of the Defendants.

117. Defendants engaged in this conduct and have retained, failed to reimburse and/or failed to remit to Plaintiff this money without Plaintiff's authorization and without their consent.

118. Based on the foregoing, Defendants' conduct – retaining, refusing to reimburse and/or failing to remit money due to Plaintiff for certain supplies and equipment for Defendants

as a business expense owed by Defendants – amounts to nothing less than blatant theft of Plaintiff's wages and/or money.

119. Based on the foregoing, Defendants intentionally and without authority, assumed or exercised control over Plaintiff's personal property, in the form of earned wages and/or money, that belonged to Plaintiff, and that did not belong to Defendants, and interfered with Plaintiff's rights of possession.

120. Based on the foregoing, Defendants intentionally engaged in conversion by retaining, refusing to reimburse and/or failing to remit money due to Plaintiff in the form of earned wages and/or money, and by permanently impeding Plaintiff from using their earned wages and/or money, which he has the exclusive rights to use.

121. As a result of Defendants' unlawful conduct, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to all damages, the value of all property, earned wages and/or money converted to Defendants' possession and/or use, out of pocket costs, other incidental and consequential damages, costs of this action and interest as permitted by law.

122. Defendants violated New York common law against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or conduct in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to an award of punitive damages under New York law.

**ELEVENTH CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – RETALIATION)**
**(ON BEHALF OF PLAINTIFF ONLY)**

123. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

124. Pursuant to FLSA § 215(a)(3), it is unlawful "to discharge or in any other manner discriminate against any employee because such employee" has engaged in protected activity under the statute.

125. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff was an employee within the meaning of the FLSA.

126. As also described above, after Plaintiff lodged good faith complaints with Defendants regarding their unlawful pay practices, constituting protected activity under the FLSA, Defendants retaliated by terminating his employment.

127. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm, including loss of past and future earnings and other employment benefits, for which he is entitled to an award of monetary damages and other relief.

128. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

129. Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the FLSA's anti-retaliation provisions, and all other appropriate forms of relief, including attorneys' fees and costs of this action.

**TWELFTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – RETALIATION)**
**(ON BEHALF OF PLAINTIFF ONLY)**

130. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

131. Pursuant to NYLL § 215, it is unlawful to "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee" who has engaged in protected activity under the statute.

132. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff was an employee within the meaning of the NYLL.

133. As also described above, after Plaintiff lodged good faith complaints with Defendants regarding their unlawful pay practices, constituting protected activity under the NYLL, Defendants retaliated by terminating his employment.

134. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, including loss of past and future earnings and other employment benefits, for which he is entitled to an award of monetary damages and other relief.

135. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

136. Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL's anti-retaliation provisions, and all other appropriate forms of relief, including attorneys' fees, costs of this action, and interest as permitted by law.

137. At or before the filing of this Complaint, Plaintiff has served notice of this action upon the Office of the New York State Attorney General.

**THIRTEENTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – RETALIATION UNDER NYLL § 740)**
**(ON BEHALF OF PLAINTIFF ONLY)**

138. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

139. Section 740 of the New York Labor Law prohibits an employer from taking "any retaliatory action against an employee, whether or not within the scope of the employee's job duties, because such employee does any of the following: (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety; (b) provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any such activity, policy or practice by such employer; or (c) objects to, or refuses to participate in any such activity, policy or practice."

140. At all times relevant, Plaintiff was an employee of Defendants within the meaning of NYLL § 740(1)(a).

141. At all times relevant, Defendants were employers within the meaning of NYLL § 740(1)(b) and Defendants employed "one or more employees."

142. As described above, after Plaintiff lodged good faith complaints with Defendants regarding their unlawful pay practices that he reasonably believed violated applicable laws, rules and regulations, constituting protected activity under the NYLL § 740, Defendants retaliated by terminating his employment.

143. Thus, Defendants terminated Plaintiff's employment because he repeatedly disclosed to Defendants' supervisor – who also an owner of the business – an activity, policy or practice of the employer that the employee reasonably believed is in violation of various laws,

rules and/or regulations, and because he objected to or refused to participate in any such unlawful activity, policy or practice, in violation of NYLL § 740.

144. Plaintiff engaging in multiple instances of protected activity was a substantial motivating reason for Defendants' discharge of Plaintiff.

145. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of NYLL § 740, Plaintiff has suffered, and continues to suffer, economic harm, including loss of past and future earnings and other employment benefits, for which he is entitled to an award of monetary damages and other relief.

146. Furthermore, Plaintiff is entitled to an additional civil penalty in an amount up to $10,000.00, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL § 740's anti-retaliation provisions, and all other appropriate forms of relief, including attorneys' fees, costs of this action, and interest as permitted by law.

## DEMAND FOR JURY TRIAL

147. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Class Members and FLSA Collective Action Plaintiffs pray for the following relief:

i. Issuing an order restraining Defendants from any retaliation against Plaintiff, Class Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.* and supporting regulations and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State

Department of Labor Regulations, and NYLL § 740, and under New York common Law;

iii. Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv. Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

v. Awarding unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

vi. Awarding unpaid wages, including overtime wages, minimum wages, wages at their agreed upon rates, unlawfully deducted wages from their earned wages, and any other forms of compensation, pursuant to the NYLL and the supporting New York State Department of Labor Regulations, plus an additional and equal amount as liquidated damages;

vii. Awarding damages pursuant to NYLL §§ 195(1), 195(3), 198;

viii. Awarding damages relating to the unlawful violation of the New York common law with respect to unjust enrichment, quantum meruit and conversion;

ix. Awarding all damages recoverable due to Defendants' unlawful retaliatory conduct, including but not limited to any compensatory damages for back pay, front pay, employee benefits that Plaintiff would have otherwise received, damages for

emotional pain, suffering, humiliation and embarrassment, out of pocket costs and expenses, and liquidated damages;

x. Awarding an additional civil penalty in an amount up to $10,000.00 under NYLL § 740;

xi. Awarding punitive damages as permitted by law;

xii. Awarding pre- and post-judgment interest as permitted by law;

xiii. Awarding attorneys' fees incurred in prosecuting this action;

xiv. Awarding all costs and expenses incurred in prosecuting this action; and

xv. Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
October 7, 2025

ROMERO LAW GROUP PLLC
*Attorneys for Plaintiff*
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: ______________________________
DAVID D. BARNHORN, ESQ.